# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-7112 PA (AFMx) | Date | September 29, 2017 |
|---|---|---|---|
| Title | Ferrado U.S. LLC, et al. v. Westport Ins. Co., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Westport Insurance Company, Swiss Re, Indian Harbor Insurance Company, XL Group Insurance, X.L. America, Inc., and XL Insurance (collectively "Defendants") on September 26, 2017. Defendants asserts that this Court has jurisdiction over the action brought against it by plaintiffs Ferrao U.S. LLC and Ferrado L.A. LLC (collectively "Plaintiffs") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Diversity jurisdiction also extends to actions between citizens of different states and in which citizens or subjects of a foreign state are additional parties. 28 U.S.C. § 1332(a)(3). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-7112 PA (AFMx) | Date | September 29, 2017 |
|---|---|---|---|
| Title | Ferrado U.S. LLC, et al. v. Westport Ins. Co., et al. | | |

See <u>Johnson v. Columbia Props. Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); <u>Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.</u>, 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); <u>Handelsman v. Bedford Village Assocs., Ltd. P'ship</u>, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); <u>Cosgrove v. Bartolotta</u>, 150 F.3d 729, 731 (7th Cir. 1998); <u>TPS Utilicom Servs., Inc. v. AT & T Corp.</u>, 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

      The Notice of Removal alleges that "[b]ased on information publicly available, Defendants are informed and believe that Ferrado U.S. LLC is owned by ROSP Corruna SL, a corporate entity based in Spain. Defendants are informed and believe that ROSP Corruna SL is owned by individuals Sandra Ortega Mera (89%) and Marco Ortega Mera (11%), who are both citizens of Spain." (Notice of Removal ¶ 8.) Defendants make identical allegations on information and belief concerning the citizenship of plaintiff Ferrado L.A. LLC. (<u>Id.</u> at ¶ 9.) "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." <u>Kanter</u>, 265 F.3d at 857; <u>Bradford v. Mitchell Bros. Truck Lines</u>, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). Because all of Defendants' allegations concerning the citizenship of Plaintiffs is made on information and belief, those allegations are insufficient to invoke this Court's diversity jurisdiction.

      For the foregoing reasons, Defendants have failed to satisfy its burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Case No. BC674156 for lack of subject matter jurisdiction. <u>See</u> 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.